## Jeremiah Tuttle *versus* John Cooper *et al.*

Where a wrong inference might be, and probably was, drawn by the jury from the testimony relating to a fact not very material, and the rest of the evidence strongly supported the verdict, a motion for a new trial on account of the discovery of evidence explaining such testimony was refused.

In an action against partners on a promissory note made by one of them in the name of the firm, the confessions of that partner are not admissible to prove the note a partnership transaction.

Assumpsit upon a promissory note, for 1000 dollars, made in the name of Cooper, Gould, and Robbins, the three defendants, payable to Robbins or his order in one year with interest, and indorsed by Robbins to the plaintiff.   Gould and Robbins were defaulted, and Cooper pleaded the general issue.

At the trial, before *Morton* J., it was admitted, that the three defendants, at the date of the note, were partners in the management of a brewery at Charlestown, and that the note was signed by Gould in the name of the firm, and indorsed by Robbins to the plaintiff.

The defence relied upon was, that the note was fraudulently obtained by Robbins for the purpose of paying to the plaintiff the private debt of Robbins, and that the plaintiff received it from Robbins in satisfaction of his private debt, knowing that it was thus obtained, and without any other consideration.

The defendant called W. Walsh, who testified that he was the clerk of Cooper, Gould, and Robbins, and kept all their

---

[3] See Rules of Supreme Jud. Court, 1836, 45th, 46th.

books ; that from his knowledge of the concerns of the com-
pany, he knew that this note was not given on their account ,
that in their books they kept a note account, on which this
note would have been entered if it had been a company note,
but it was not there, and there was no entry upon the books
having any relation to it.

The plaintiff offered to prove the confessions of Robbins
made since the commencement of the suit, that the note was
given to him for a valuable consideration, and indorsed to the
plaintiff in good faith ; but this evidence was rejected.

Other evidence was introduced on each side, which it is
unnecessary to recite.

A verdict was found for the defendant.

In the trial of the next cause it was discovered that the
note account in the company's book did not contain any notes
given *by* the company, although many in their favor.   In ex-
planation of this, Walsh testified that the company never gave
any notes on their own account, except two which were given
for their real estate and were secured by mortgage.

The plaintiff moved for a new trial, because at the time
of the trial he had no reason to suppose that the testimony
of Walsh was not true, but immediately after the trial it was
discovered by his counsel, and was in fact admitted by Walsh,
that there was not upon the books of the company any entry
of a promissory note given by the company in the whole
course of their business.   It was also stated in the motion,
that the judge, in summing up, particularly commented upon
this part of the testimony of Walsh as deserving the attention
of the jury.

If for the reason assigned in his motion the plaintiff ought
to have a new trial, or if the confessions of Robbins ought
to have been admitted, a new trial was to be granted ; other-
wise judgment was to be rendered on the verdict.

March term
1828,
in Suffolk

*Stearns* and *Hoar*, in support of this motion, cited *Lister* v.
*Mundell*, 1 Bos. & Pul. 429 ; — and in regard to the confes-
sions of Robbins they said, that as the question of fraud was
to be tried, the judge should not have anticipated it as being
proved to the satisfaction of the jury, but the confessions
should have gone to them, with the instruction, that if they

woie satisfied of the fraud, they should exclude the confessions from their consideration. *Whitcomb* v. *Whiting*, 2 Doug. 652 ; *Vicary's case*, 2 Bac. Abr. 623, *Evidence, F ; Woods* v. *Courten*, 1 Dallas, 141 ; *Grant* v. *Jackson*, Peake's Rep. 203 ; *Thwaites* v. *Richardson*, ibid. 16 ; *Nicholls* v. *Dowding*, 1 Stark. R. 81 ; *Sangster* v. *Mazarredo*, ibid. 161 ; *Howard* v. *Cobb*, 3 Day, 309 ; *Odiorne* v. *Maxcy*, 15 Mass. R. 44 ; *Simpson* v. *Geddes*, 2 Bay, 533 ; *Wood* v. *Braddick*, 1 Taunt. 104 ; *Van Reimsdyk* v. *Kane*, 1 Gallison, 635. If these confessions are not admissible, the plaintiff is debarred entirely of the use of Robbins's testimony, as he cannot be called as a witness. Bull. N. P. 285 ; *Chapman* v. *Graves*, 2 Campb. 333, note ; *Sears* v. *Dillingham*, 12 Mass. R. 360 ; *Fox* v. *Whitney*, 16 Mass. R. 118.

*S. D. Parker*, *contrà*, on the second point, cited *Rex* v *Hardwick*, 11 East, 578 ; 2 Stark. Ev. 44 ; 1 Phil. Ev. (6th ed.) 83 ; *Hackley* v. *Patrick*, 3 Johns. R. 538 ; *Whitney* v. *Ferris*, 10 Johns. R. 66.

WILDE J. delivered the opinion of the Court. The principal ground on which the plaintiff relies in support of his motion for a new trial, is the supposed detection of a false statement in the testimony of Walsh, one of the defendants' witnesses. There certainly seems to be sufficient evidence to support the verdict without the testimony of Walsh, but if his testimony was false as to a material fact, as the plaintiff contends it was, we should think it a dangerous precedent to suffer the verdict to stand, upon the ground that the other evidence might be sufficient to support it, unless that evidence were very clear and conclusive. But on looking into the testimony of Walsh, as reported by the judge, we do not find any false statement ; all that appears is, that a false inference might be drawn from it, and that in regard to a fact not very material. Walsh testified, " that the defendants kept a note account in which the note declared upon would have been entered, if it had been a company note ; but it was not there, and there was no entry in the books having any relation to it." The supposed falsehood of this statement is, that in the account of notes there were no notes found against the company. Nor did Walsh testify that there were any such notes entered

*Tuttle*
*v.*
*Cooper.*

*April term*
*1828, at*
*Concord.*

**417**

n the books. But suppose the jury did infer, as it is very probable they did, that other notes had been entered in the books against the company, which is not a fact ; it seems to us that this mistake cannot be supposed to have had much weight, because if the company kept an account of notes, and there was only one note given by them, it would be as probable that that note would be entered in the note book, as in case they had given several. Certainly the mistake, if made, was not very material ; and when we consider that the other evidence in the case is very strong in favor of the defendant, as we cannot but see that it is, we are all very clear that a new trial ought not to be granted.

With respect to the confessions of Robbins, which were offered to be proved at the trial and were rejected by the judge, we think it very clear, considering the question which was submitted to the jury, that the evidence was very properly excluded. The question was, whether the note sued was a partnership transaction or not. If it had been proved to be a partnership transaction, then the confessions of Robbins would have been evidence ; but there was no evidence of that fact, and therefore as to the note the defendants were not copartners, and the confessions of one ought not to be admitted to the prejudice of another.[1] The witness proposed to be examined was the principal actor in the fraud complained of. To allow him to tell his own story, in his own way, and to mislead the jury, perhaps, by an artful tale, would reflect little credit on the wisdom of the law.

*Motion for a new trial overruled.*

---

[1] See *Robbins* v. *Willard*, 6 Pick. 464; *Bridge* v. *Gray*, 14 Pick. 61 , *Jewett* v. *Stevens*, 6 N. Hamp. R. 82; 2 Stark. Ev. (5th Am. ed.) 587, 25, n. 1.